USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THE DR. HUEY P. NEWTON
FOUNDATION, INC.,

                        Plaintiff,

      -against-

CAFEPRESS.COM, INC.,

                       Defendant.
-----------------------------------------------------------X

**AMENDED MEMORANDUM OPINION**

11 Civ. 3476 (HB)

**Hon. HAROLD BAER, JR., District Judge:**

    Before the Court are cross motions to transfer this case pursuant to 28 U.S.C. § 1404. For the following reasons, this case is hereby transferred to the United States District Court for the Northern District of California.

### I. Background

    The Dr. Huey P. Newton Foundation, Inc. ("Plaintiff") filed this action for trademark infringement and counterfeiting on May 20, 2011. On June 13, 2011, Cafepress.com, Inc. ("Defendant") moved to transfer the action to the Eastern District of California ("Eastern District"). On June 17, 2011, Plaintiff filed an Amended Complaint, which among other things included additional facts and replaced certain New York state causes of action with California state causes of action. On June 30, 2011, Defendant filed its renewed motion for transfer to the Eastern District, and on July 18, 2011 Plaintiff filed its cross-motion to transfer this action to the Northern District of California ("Northern District").

### II. Analysis

    "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) serves "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 626 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960). District courts have broad discretion in making determinations of convenience and fairness and typically consider "(1) the plaintiff's choice of

1

forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-107 (2006) (internal citation omitted).

The parties do not dispute that jurisdiction and venue are proper in this Court nor that California would be a more convenient forum pursuant to § 1404(a). They simply dispute whether the Eastern District or Northern District is the more convenient forum. The location of parties, witnesses, documents, and locus of operative facts all favor transfer to the Northern District over the Eastern District.[1]

### III. Conclusion

This case is hereby transferred to the United States District Court for the Northern District of California. To the extent the Clerk of the Court of the Northern District is permitted by rule, the Clerk is directed to assign the case to the San Jose Division.

SO ORDERED,

New York, New York
August 23, 2011

_____
**United States District Judge**

---

[1] Defendant argues that some of the courthouses in the Northern District are farther away from both parties than the courthouse in the Eastern District and that the random assignment to a courthouse in the Northern District risks a less convenient forum than the Eastern District. According to the Northern District's Local Rule 3-2 and General Order 44, intellectual property cases are randomly assigned to a division within the district. However, once a case is assigned, the parties generally may move to transfer the case to another division for reasons of hardship.